**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY<br>202B Halls Mill Road<br>Whitehouse Station, NJ 08889 | : <br> : <br> : <br> : | Case No.: 1:19-cv-2429 <br><br> **JURY TRIAL DEMANDED** |
| Plaintiff, | : | |
| v. | : | |
| BALTIMORE GAS & ELECTRIC COMPANY<br>2 Central Plaza, 110 W. Fayette Street<br>Baltimore, MD 21201<br><br>Serve on Resident Agent:<br>Corporate Creations Network, Inc.<br>#700<br>2 Wisconsin Circle<br>Chevy Chase, MD 20815<br><br>and<br><br>ACLARA TECHNOLOGIES, LLC<br>77 Westport Plaza Drive, Suite 500<br>St. Louis, MO 63146<br><br>Serve on Resident Agent:<br>CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street<br>Suite 820<br>Baltimore, MD 21202 | : | |
| Defendant. | : | |

# COMPLAINT

Plaintiff, Great Northern Insurance Company, by and through its undersigned attorneys, upon information and belief, hereby alleges as follows:

# PARTIES

1. Plaintiff, Great Northern Insurance Company ("Great Northern"), is an Indiana corporation, with its principal place of business at 202B Halls Mill Rd., Whitehouse Station, NJ,

and at all times material hereto, was authorized to issue insurance policies in the State of Maryland.

2.	Defendant, Baltimore Gas & Electric ("BGE"), is a Maryland corporation, with a principal place of business at 2 Central Plaza, 110 Fayette Street, Baltimore, Maryland, and at all times material hereto, was in the business of transmitting, selling and distributing electricity.

3.	Defendant, Aclara Technologies, LLC ("Aclara"), is an Ohio Limited Liability Company, with a principal place of business at 77 Westport Plaza Drive, Suite 500, St. Louis, Missouri, which is a wholly owned indirect subsidiary of Hubbell Incorporated, a Connecticut corporation with its principal place of business located at 40 Waterview Drive, Shelton, Connecticut.

4.	At all times material hereto, defendant Aclara was in the business of designing, manufacturing and distributing smart electrical utility meters.

## JURISDICTION AND VENUE

5.	Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332 in that this is an action between citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

6.	Venue is properly laid in this judicial district because the event giving rise to this action occurred in this judicial district.

## FACTUAL ALLEGATIONS

7.	At all times material hereto, Great Northern's insureds, Charles & Rebecca Newhall ("the Newhalls"), owned and resided at the real property located at 3120 Golf Course Road, Owings Mills, Maryland ("the Property").

8.	At all times material hereto, Great Northern provided property insurance to the Newhalls for the Property pursuant to policy number 001274644013 ("the Policy").

9. At all times material hereto, defendant BGE supplied electrical service to the Property.

10. Before March 2, 2019, defendant BGE installed a 400 amp electrical smart meter at the Property ("the Meter").

11. The Meter was designed, manufactured and/or distributed by defendant Aclara.

12. On or about March 2, 2019, a fire occurred in the Meter ("the Fire").

13. The Fire caused significant damages to the Property including damage to the Gramophone smart home system that controlled numerous electronics throughout the property.

14. Pursuant to the terms of the Policy, plaintiff Great American reimbursed its insureds in the amount of $365,178 for damages resulting from the Fire.

15. In accordance with the common law principles of legal and equitable subrogation and the terms of the Policy, to the extent of its payments, plaintiff Great Northern is subrogated to the rights of its insureds with respect to any claims against defendant.

## COUNT I:  PLAINTIFF v. DEFENDANT BGE
## NEGLIGENCE

16. Plaintiff incorporates by reference each of the foregoing paragraphs as though each was fully set forth at length herein.

17. The Fire and resulting damage to the Property was caused by the negligence, carelessness, gross negligence of defendant BG&E, its agents, workmen, and/or employees acting within the course and scope of their employment in:

    (a) failing to install the correct type of meter at the Property;

    (b) failing to install the necessary CT regulator at the Property;

    (c) installing a defective meter at the Property; and

    (d) such other and further negligent acts and omissions which may be revealed through discovery.

18.     As a direct and proximate result of defendant's breach of the aforesaid negligence, the Fire occurred and resulted in significant damages.

WHEREFORE, plaintiff demands judgment against defendant BGE in the amount of $365,178 together with interest and the costs of this action.

### COUNT II:  PLAINTIFF v. DEFENDANT ACLARA
### STRICT LIABILITY

19.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though each were fully set forth herein at length.

20.     Defendant designed, manufactured, and/or distributed the Meter, which was intended by the defendant Aclara to be used by members of the general public such as plaintiff's insureds.

21.     The Meter was unreasonably dangerous and unsafe for its intended use by reason of design and/or manufacturing defects in the Meter, which existed when defendant Aclara placed it into the stream of commerce.

22.     The design and/or manufacturing defects within the Meter resulted in an internal electrical malfunction which caused the Meter to catch fire while being used for its ordinary and intended purpose.

23.     The Meter had not been modified or altered in any way before the Fire and was in the same condition as when it was placed into the stream of commerce by defendant.

24.     As a direct and proximate result of the defective condition of the Meter, the Fire occurred and resulted in significant damages to the Property.

25.     Defendant Aclara is strictly liable for the Fire and resulting damages pursuant to Restatement (Second) of Torts §402(a), et seq.

WHEREFORE, plaintiff demands judgment against defendant Aclara in the amount of $365,178 together with interest and the costs of this action.

        Respectfully submitted,

        STRAVITZ LAW FIRM, PC

By:   /s/ Eric N. Stravitz
        Eric N. Stravitz (Bar No. 23610)
        4300 Forbes Boulevard
        Suite 100
        Lanham, MD 20706
        O:  (240) 467-5741
        F:  (240) 467-5743
        E:  eric@stravitzlawfirm.com
        *Counsel for Plaintiff*

*Of Counsel for Plaintiff**
Daniel J. Luccaro, Esquire
Cozen O'Connor
1650 Market Street, Suite 2899
Philadelphia, PA 19103
(215) 665-6968 -Phone
(215) 701-2368 – Fax
dluccaro@cozen.com
*Motion for *Pro Hac Vice* Admission to be filed

5